## CIRCUIT COURT OF SHENANDOAH COUNTY

William P. Kerkhoff, Jr.

v.

Garland Weaver, Administrator of
the Estate of Robert F. Yew, Deceased

October 17, 1957

By JUDGE ELLIOTT MARSHALL

In my opinion in dealing with cases involving actions by automobile guests against their hosts we should accept the doctrine of assumption of risk and discard the theory of contributory negligence as a defense except in instances of positive acts of misfeasance on the part of the plaintiff. The reason for this is that under the common law conception the term "contributory negligence" does not seem to fit with precision most of the defenses interposed. The acceptance of an invitation to ride, the failure to remonstrate as to the manner of driving or other passive nonfeasance, in view of the negligence of the driver in sole command of the active force, in my opinion, approaches more nearly a tacit consent to the hazards than a contributing *proximate cause* of the accident. The term that seems more closely to fit the defense is assumption of risk. While at common law this defense was apparently confined to employer-employee cases and based solely upon the contractual relationship, there are other instances where the essentials of the doctrine were used in determining the duty of care owed the plaintiff. For instance, the host of lands and tenements owes the guest only the duty to warn of latent dangers known to him and to abstain from active misfeasance. If the guest were injured by an instrumentality not under the active control of the defendant or as the result of a danger open and obvious to the plaintiff he could not recover because the host owed him: no duty. It

was only when the host was guilty of misfeasance with an active force or nonfeasance for failure to warn of a known or foreseeable latent danger that the question of the guests's contributory negligence arose. To me this is saying, in essence, that the guest assumed the risk of all patent dangers, and even all latent defects unknown to or foreseeable by the host. These automobile host-guest cases seem to approximate this situation.

Under our statute the automobile host is not liable to the guest for acts of simple misfeasance or nonfeasance but only in cases of gross negligence; that is to say, *malfeasance*. What the legislature is saying is that the guest not only assumes all the normal risks of the highway, but also the hazard that his host may not even use due care in the operation of the vehicle. The host may be guilty of an act of misfeasance without incurring liability. This, of course, decreases the duty below that of the host of the tenament.

In some jurisdictions, either by statute or otherwise, the courts have discarded the common law anathema towards comparing negligence, and in these automobile cases, have used the term "contributory negligence" as applied to the guest plaintiff. The "contributory negligence" of the guest required must be of the same degree as the negligence of the host to bar recovery. Thus, if gross negligence is required for recovery, the contributory negligence must also be gross; if the host is guilty of "reckless misconduct" the guest must also be guilty of "recklessness" to bar recovery. So far, Virginia has not adopted this view and I do not think that is sound in principle or reasonably workable, because I do not believe that judges or juries are capable of deciding with anything which approaches uniformity the nice distinctions between the three kinds of negligence and comparing the contributory negligence of the plaintiff with them. It would be difficult to decide in each case whether mere nonfeasance would constitute simple or gross negligence or reckless misconduct.

Another serious obstacle to applying the doctrine of contributory negligence to these cases is the requirement of *proximate cause*. If the negligence of the plaintiff is not a *proximate cause of the occurrence itself* it does not bar recovery. I can think of few instances where mere

presence or failure to attempt to dissuade the defendant from his negligent act or omission would constitute a proximate cause of the occurrence. In Virginia, in public railway crossing cases the court has described a duty of an automobile passenger to look out for and warn his driver of the approaching locomotive. The court then says that if he fails to do so he is guilty of negligence which was a *proximate cause of his injuries.* Of course, it must be remembered that the statutory comparative negligence rule applied at public railway crossings. In addition, crossings constitute an unusual hazard, and a stricter requirement as to guest passengers probably should be applied. It seems to me, however, that even in crossing cases, it is extremely difficult to decide whether an automobile passenger should have seen an oncoming locomotive, noticed that his driver had not seen it, decided instantly whether a sudden warning or remonstrance would have effectively prevented the collision and had the presence of mind to act. After all, the real culprit is the driver who has the absolute control of the active force. His negligence is *without doubt* a proximate cause. I think the less difficult decision in all such cases would be whether the guest by his conduct had tacitly consented to the acts or omissions of his host in the face of the obvious danger. The question should be: does the jury believe from the greater weight of the evidence that the danger was known or reasonably apparent to the guest and that in the face of it his conduct was such as to constitute an assumption of the risk? Much more so, in the case of a highway accident.

If we use the assumption of risk doctrine there is no problem as to degrees of negligence. The only questions to determine are whether, under the facts and circumstances, the danger would have been obvious to a reasonably prudent person and whether his acts or omissions constituted an acquiescence or consent. If these questions are answered in the affirmative the plaintiff must be taken to have assumed the risk of the danger. Ordinarily these questions should be for the jury, but, of course, if reasonable men could not differ it is the duty of the court to decide.

I think that any person who starts off on an excursion of the kind in the instant case must as a matter of law assume that all of the party may become intoxicated, and

that any one of them might become the driver while intoxicated, thus violating a criminal statute. He must also assume that he, himself, may become so intoxicated that his judgment will become impaired to the extent that he will accept hazards beyond those which a sober person would accept. He must anticipate that persons under the influence of intoxicants will disregard the laws of the highway and will operate the vehicle in a manner such as to endanger his life and limb.

The ensuing events cast their shadows before, depicting with almost certainty the disaster that occurred. The spirit of revelry that prevailed was witnessed by the horseplay and the capture of two unwilling passengers at the filling station. The insistence upon speed and more speed on the way from Strasburg to Tom's Brook was obviously inspired by the desire for a thrilling experience and to frighten the captive guests. The operation of the car at seventy miles per hour by one of the intoxicated companions, and the change of drivers (for the avowed purpose of greater speed) while the car was in motion at a dangerous speed in the Village of Tom's Brook was obviously motivated by the desire to intensify the thrill of the adventure. The wild drive at speeds in excess of one hundred miles per hour from Tom's Brook to the place of accident was but the climax of the preceding behavior of the plaintiff's companions.

While there is no evidence that the plaintiff actively participated in or incited any of this misbehavior or that he expressly consented to it, he remained in the car with his companions and never by word or act attempted to dissuade them; in fact, he voiced no word of disapproval or warning, whatever. Under all the circumstances, I think that his conduct must, as a matter of law, be taken to indicate his consent and approval of all of the acts of misconduct above related. It must be assumed that he knowingly joined his companions in their pursuit of the thrilling adventure, and, of course necessarily must accept the attendant hazards. He must be taken to have assumed the risk of the bitter fruits of the undertaking.

In my opinion the motion for new trial must be overruled, and I will render judgment on the verdict.